UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RUSSELL FRANK                                    CIVIL ACTION

VERSUS                                           NO. 18-923

UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL.  SECTION "E" (3)

ORDER

On June 13, 2018, the Federal Defendant's Motion to Dismiss for Failure to State a Claim [Doc. #8] came on for oral hearing before the undersigned. Present were Gary Carter on behalf of plaintiff Russell Frank and Paige O'Hale on behalf of defendants. After the oral hearing, the Court took the motion under advisement and allowed the parties to file sur-replies, which they have now done. Having reviewed the pleadings and the case law, the Court rules as follows.

I.      Background

According to the allegations set forth in his complaint, Frank is a current federal employee who has worked for the U.S. Department of Agriculture ("USDA" or "defendant") since July 1975. Frank's current position is a GS-11 "Agriculture Commodity Grader" in the USDA's Grain Inspection, Packer and Stockyard Administration for the Federal Grain Inspection New Orleans Field Office located in Destrehan, Louisiana. In March 2011, he applied for the position of Industrial Specialist, GS-1150-11/12 (Vacancy No. 6GR-2011-0043), but he later received notice that he was not selected for the position on June 1, 2011. According to Frank, the two individuals (white males) selected for the position were given the highest ratings from the selecton panel because they were given an unfair advantage. Namely, he avers that the selectees had received certain relevant training that had been allegedly denied to him. Frank, an African-American male, claims that he was "exceptionally qualified" for the position but was not promoted because of his

1

race.

Frank filed a complaint with the Equal Employment Opportunity Commission ("EEOC") regarding the alleged discrimination, and an administrative judge ("ALJ") ruled in favor of the USDA. He then appealed. The EEOC affirmed the ALJ's decision. Frank then filed his complaint initiating the above-captioned matter on January 30, 2018. He seeks compensatory damages and declaratory relief pursuant to Title VIII of the Civil Rights Act, 42 U.S.C. § 2000(e), *et seq.*

## II. Standard on a Motion to Dismiss under Rules 12(b)(6) and 12(b)(1)b

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. It is well-established law that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction must carry the burden of

proof for a Rule 12(b)(1) motion to dismiss. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). The standard of review for a facial challenge to a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). *United States v. City of New Orleans*, No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003); *see also* 13 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3522 (3d ed. 2008).

A Rule 12(b)(1) motion "permits the court to consider a broader range of materials" than when resolving a Rule 12(b)(6) motion. *Williams v. Wynne*, 533 F.3d 360, 364, 365 n.2 (5th Cir. 2008). Consequently, when considering a Rule 12(b)(1) motion, the Court may rely on (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and by the Court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001).

### III. Law and Analysis

#### A. The Failure to Promote Claim

Defendant asks this Court to dismiss this claim under Rule 12(b)(6). To plead a Title VII failure-to-promote claim, a plaintiff must allege that "(1) he belongs to a protected class; (2) he applied for and was qualified for a position for which applicants were being sought; (3) he was rejected; and (4) a person outside of his protected class was hired for the position." *Jenkins v. La. Workforce Comm'n*, 713 F. App'x 242, 244-45 (5th Cir. 2017) (quoting *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 412 (5th Cir. 2007)). The Fifth Circuit has explicitly stated that a "plaintiff must demonstrate that he meets objective promotion criteria at the

prima facie stage of his case." *Oden v. Oktibbeha Cty.*, 246 F.3d 458, 469 (5th Cir. 2001). Unless plaintiff can demonstrate that he was objectively qualified for Vacancy No. 6GR-2011-0043 at the time that he applied, his claim fails. *See Norwood v. City of Hammond*, No. Civ. A. 99-879, 2000 WL 158455, at *1 (E.D. La. Feb. 10, 2000) (Vance, J.) ("This Court finds that plaintiff cannot recover damages for a failure to promote claim because she could not satisfy the last three elements of the requisite prima facie showing. Specifically, plaintiff was not qualified for the position before she took the exam.").

In his complaint, plaintiff concedes that candidates for the position were required to demonstrate their "training, certification, experience and knowledge of Basic Mass Metrological activities in a National Institute of Standards and Technology (NIST) certified metrology lab and/or seminar." [Doc. #1 at ¶ 9]. He further concedes that the selectees had received NIST training and had the requisite knowledge. [*Id.* at ¶ 10]. Plaintiff, by contrast, admits that he lacked the necessary NIST training and knowledge. [*Id.*]. Consequently, he was objectively not qualified for the position, and his failure-to-promote claim fails. *See Roy v. Crews*, 712 F. App'x 367, 370 (5th Cir. 2017) (holding that failure-to-promote claim failed because plaintiff was not qualified); *Hernandez v. Metro. Transit Auth. of Harris Cty.*, 673 F. App'x 414, 418 (5th Cir. 2016) (same); *Ruth v. Owens-Illinois Glass Container, Inc.*, 260 F. App'x 703, 705 (5th Cir. 2007) (same); *Gomez v. LSI Integrated LP*, 246 F. App'x 852, 853 (5th Cir. 2007) (same); *Jones v. La. State Univ. Med. Ctr. & Health Care Hosp.*, No. Civ. A. 01-1687, 2003 WL 1342945, at *8 (E.D. La. Mar. 18, 2003) (same); *Norwood*, 2000 WL 158455, at *1 (same).

In his opposition, plaintiff contends that his complaint satisfies the federal requirement of notice pleading and maintains that defendant attempts to hold him to a higher standard, or

"evidentiary" pleading. He argues that he is not required to outline all of the evidence in his complaint but provide only a short and concise statement that gives fair notice to defendant of his claim and the grounds on which it rests. Plaintiff maintains that his complaint satisfies this requirement.

But the Court finds that plaintiff has not pleaded and eventually cannot prove a failure-to-promote claim because he concedes that he was not qualified for the relevant position. His complaint admits that he did not have NIST training yet simultaneously acknowledges that such training was integral to the position's job description. Nowhere in his opposition memorandum or his complaint can the Court uncover facts that would show that he was qualified. Merely reciting the elements of a failure-to-promote claim, as if they were a talisman, does not save deficient pleadings from dismissal. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (holding that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Hanks v. Shinseki*, Civ. A. No. 3:08-CV-1594, 2009 WL 2002917, at *3 (N.D. Tex. July 9, 2009) (dismissing Title VII claim containing a "bald assertion" for an element). The Court finds that plaintiff has not pleaded a cognizable failure-to-promote claim.

**B.     The Preselection Claim**

Defendant asks the Court to dismiss this claim under Rule 12(b)(1) for lack of subject-matter jurisdiction. In his opposition, plaintiff contends that this is not only a failure-to-promote case but a "preselection" case, in which two white employees were given advance notice and

selected for NIST training. Plaintiff maintains that he, an African-American, was not given advance notice of the NIST training and neither were any of the four other African-Americans who applied for the position. As a consequence, when the position of Industrial Specialist became available, he argues that the two pre-selected white employees received the highest rating as a result of the unfair advantage that they had by receiving the NIST training. Moreover, he asserts that the white employees who were pre-selected for the NIST training did not have the years of training that he had nor had they achieved plaintiff's supervisory level.

Plaintiff recognizes that preselection in and of itself "does not establish pretext unless the preselection was motivated by discriminatory animus." *Rowe v. Jewell*, 88 F.Supp.3d 647, 665 (E.D. La. 2015) "[T]here is nothing per se improper about 'preselection,'" at least from the standpoint of Title VII. For evidence of preselection to be relevant, there must be indicia of discrimination attached to the preselection." *Glass v. Lahood*, 786 F.Supp.2d 189, 224 (D.D.C. 2011).

Plaintiff argues that he specifically alleges and asserts that because he "was constantly treated less favorably than white, male employees in even lower level positions than" his, [Doc. #1 at ¶13], two of those lower-level white employees were given the NIST training, and defendant never offered the NIST training to him – or even notified him of the NIST training. [Doc. #1 at ¶ 10]. He contends that when the promotion to Industrial Specialist was offered, the two lower-level white employees received the highest rating because they had been pre-selected to take the NIST training. He argues that by accepting these well-pleaded facts as true and viewing them in the most favorable light to the him, he has sufficiently alleged that (1) he belongs to a protected class; (2) he applied for the position of Industrial Specialist and was qualified for the position; (3) he did not

6

receive the promotion; and (4) two lower-level white employees were hired for the position.

In its reply, defendant challenges this argument by contending that plaintiff failed to exhaust his administrative remedies as to any preselection claim. Defendant thus asks this Court to dismiss on the basis that the Court lacks subject-matter jurisdiction. Section 717 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c), permits most federal employees to seek relief from proscribed discriminatory employment practices by filing suit in federal district court. "As a precondition to seeking this judicial relief, however, complaining employees must exhaust their administrative remedies by filing a charge of discrimination with the EEO division of their agency." *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006); 42 U.S.C. §§ 2000e-5(e), 2000e-16(c). Under 29 C.F.R. § 1614.105(a), an aggrieved federal employee who seeks to pursue a discrimination claim must contact an EEO counselor prior to filing an EEO complaint, either within 45 days of the alleged discriminatory incident, or within 45 days of the personnel action. The employee must then file a formal complaint of discrimination with the EEO counselor, and the relevant agency investigates the claim. *Id.* §§ 1614.105(d), 1614.108.

A central purpose of the exhaustion requirement is to trigger the investigatory and conciliatory procedures of the EEO process, which seeks to achieve non-judicial resolution of employment discrimination claims. *Pacheco*, 448 F.2d at 788-89. Excusing a plaintiff from the exhaustion requirement would "circumvent the statutory scheme, since Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 467 (5th Cir. 1970). The law is thus clear that unexhausted claims must be dismissed. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 472 (5th Cir. 2016) (affirming dismissal based

7

on failure to exhaust); *Lavigne v. Cajun Deep Founds., L.L.C.*, 654 F. App'x 640, 643 (5th Cir. 2016) ("This Circuit has long required plaintiffs to exhaust their administrative remedies before bringing suit under Title VII." (quoting *Price v. Choctaw Glove & Safety Co.*, 459 F.3d 595, 598 (5th Cir. 2006))); *Brocato v. U.S. Postal Serv.*, Civ. A. No. 12-1402, 2014 WL 2120081, at *5 (E.D. La. May 21, 2014) (dismissing federal employee's claims for failure to exhaust under Rule 12(b)(1)); *Butler v. Shinseki*, Civ. A. No. 10-857, 2011 WL 3419619, at *6 (E.D. La. Aug. 4, 2011) (same); *Slocum v. Guardsmark, L.L.C.*, Civ. A. No. 08-685, 2008 WL 8872892, at *3 (E.D. La. Dec. 31, 2008) ("The Fifth Circuit has made it clear that all administrative remedies must be exhausted before a claim is brought.").

Plaintiff filed his formal EEO complaint to the Agency on August 15, 2011. [Doc. #21-3]. Under Section 10, which directs plaintiff to "explain when and how [he was] discriminated against," plaintiff responded that he "ha[d] more experience than the selectees," and yet was not selected. [*Id.* at p. 2]. Nowhere on the form did he indicate that white employees were allegedly notified that NIST training would further their careers and/or that they were pre-selected for NIST training, whereas he was not. [*Id.* at pp. 1-2]. By letter dated September 22, 2011, the Agency accepted his EEO complaint for investigation, and described the accepted claim. [Doc. #21-2]. Nowhere in the letter did the Agency address any "preselection" claim. [*Id.*]. The letter also informed plaintiff that if he "d[id] not agree with the defined claim, [he] must provide [the Agency] with sufficient reasons, in writing, within 7 calendar days of receipt of th[e] letter." [*Id.* at p. 2]. Hearing nothing from plaintiff, the Agency began its investigation, and plaintiff provided an affidavit in which he detailed the alleged discrimination. [Doc. #21-3]. That affidavit does not include any indication that plaintiff was pursuing a "preselection" claim. [*Id.*].

After completion of the investigation, the EEOC entered an "Acknowledgement and Order" on March 13, 2012, setting the matter for discovery and a hearing before EEOC Administrative Judge Kevin Rung. [Doc. #21-5]. Shortly before discovery closed, plaintiff filed a motion to amend his EEO complaint. [Doc. #21-4]. For the first time, plaintiff sought to allege a class complaint that "African Americans, including [him]self, are not provided and/or are limited in their ability to gain training opportunities that will enhance their ability to be promoted, and that African Americas as a whole have more experience but are less likely to be promoted." [*Id.* at p. 1]. He therefore "ask[ed] that the Agency be required to investigate [his] new claims." [*Id.*] (emphasis added).

In his ruling, Judge Rung noted that a "complainant may file a motion with the Administrative Judge to include issues or claims like or related to those raised in this complaint," and that a claim is "'like or related' to the original complaint if the later claim . . . could have reasonably been expected to grow out of the original complaint." [Doc. #21-5] (citing 29 C.F.R. § 1614.106(d)). He then denied the motion because (1) it was extremely untimely, (2) plaintiff failed to identify how the new claim was "like or related" to the original complaint, and (3) an amendment to an original individual complaint was "neither the form nor the forum to file a class complaint." [*Id.* at p. 3]. Judge Rung also ruled in favor of the Agency on the merits, finding that there was no discrimination in how the relevant Industrial Specialist position was filled. [*Id.* at p. 10]. Plaintiff appealed Judge Rung's decision of the EEOC Office of Federal Operations. [Doc. #21-6]. In that appeal, plaintiff contended that "the selectees got an unfair advantage with detail(s) and taking the NIST training." [*Id.* at p. 3]. The OFO explicitly found that plaintiff "did not allege in his [formal EEO] complaint that he was discriminatorily denied NIST training or a relevant detail, so these

9

issues were not investigated." [*Id.*]. The OFO affirmed Judge Rung's decision, and this civil action followed. [*Id.*].

These proceedings reveal to the Court that plaintiff did not exhaust his "preselection" claim. While a court should construe an EEO claim broadly and look "slightly beyond its four corners, to its substance rather than its label," *Pacheco*, 448 F.3d at 789, a claim has only been exhausted if it "could reasonably be expected to grow out of the charge of discrimination" such that the Agency would be on notice of and be able to investigate the claim. *Id.* Here, plaintiff did not timely apprise the Agency of his "preselection" claim, and therefore the Agency did not investigate it. [Doc. ##21-1, 21-2, 21-3]. Both the EEOC Administrative Judge and the OFO explicitly held that this claim was not brought to the Agency's attention and was not investigated. Indeed, even plaintiff admitted that the "preselection" claim was "new." [Doc. #21-4 at p. 1].

Courts in this jurisdiction have routinely dismissed unexhausted claims. *See, e.g., Medley v. La. Dep't of Justice*, Civ. A. No. 09-4570, 2010 WL 11538484, at *3 (E.D. La. Mar. 24, 2010) (Knowles, M.J.) (noting that "[n]o matter how broadly this Court reads the retaliatory EEOC charge, plaintiff failed to include the alleged retaliatory, factual allegations in the EEOC charge that she now seeks to include in her complaint. The telephone-call incident in the charge would not apprise the EEOC of the allegations that she now seeks to add, and the EEOC would have never investigated such allegations," and denying plaintiff leave to amend to add the unexhausted claim). This Court does so again now.

**IV. Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that the Federal Defendant's Motion to Dismiss for Failure to State a

Claim [Doc. #8] is GRANTED.

New Orleans, this 23rd day of August, 2018.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**